Russell P. Burke #249581
**Williams, Brodersen, Pritchett & Burke LLP**
2222 West Main Street
Visalia, California 93291
Telephone: (559) 635-9000
Facsimile: (559) 635-9085
E-mail: russ@visalialawyers.com

Attorneys for Plaintiff YANCHHI YAM

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| YANCHHI YAM,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, UNITED STATES MARSHALS SERVICE, OFFICER APRIL SANCHEZ and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br>  1. **GROSS NEGLIGENCE**<br>  2. **PUBLIC ENTITY NEGLIGENCE** |

COMES NOW Plaintiff YANCHHI YAM ("YAM"), and in respect to causes of action against Defendants, and each of them, complains and alleges as follows:

**INTRODUCTION**

1. This action, against the UNITED STATES OF AMERICA, the UNITED STATES MARSHALS SERVICE, UNITED STATES MARSHALS SERVICE OFFICER APRIL SANCHEZ, and DOES 1 through 50, inclusive ("Defendants"), arises under the Federal Tort Claims Act (28 U.S.C. § 2671 *et seq.*; 28 U.S.C. § 1346 (b)(1)), for negligence related to a motor vehicle accident which resulted in personal injuries sustained by Plaintiff YAM.

2. The claims herein are brought against Defendants pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671 et seq.; 28 U.S.C. § 1346 (b)(1)), for money damages as compensation for personal injuries caused by the Defendants' negligence.

3. Plaintiff YAM has fully complied with the provisions of 28 U.S.C §§ 2401(b), 2675(a) of the Federal Tort Claims Act, in that Plaintiff submitted the Standard Form 95 - Claim for Damage, Injury, or Death ("Plaintiff's Claim for Damages"), which was received by the UNITED STATES MARSHALS SERVICE ("MARSHALS SERVICE") on February 8, 2018. A true and correct copy of Plaintiff's Claim for Damages is attached hereto as <u>Exhibit A</u>. A true and correct copy of a letter dated February 12, 2018, from the Office of General Counsel for the MARSHALS SERVICE, acknowledging Plaintiff's Claim for Damages was received by the MARSHALS SERVICE on February 8, 2018, is attached hereto as <u>Exhibit B</u>.

4. This suit has been timely filed, in that Plaintiff YAM timely served notice of his claim on the MARSHALS SERVICE of the United States Department of Justice ("USDOJ") less than two years after the incident forming the basis of this suit occurred.

5. Plaintiff YAM is now filing this Complaint in compliance with 28 U.S.C §§ 2401(b), 2675(a), in that Plaintiff's Claim for Damages has been deemed denied by operation of law for the purposes of the Federal Tort Claims Act, because more than six months have passed since Plaintiff's Claim for Damages was submitted to, and received by, the MARSHALS SERVICE, and MARSHALS SERVICE has failed to make a final disposition of Plaintiff's Claim for Damages.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff YAM is, and at all times relevant hereto was, a resident of the City of Visalia, County of Tulare, State of California.

7. Defendant UNITED STATES OF AMERICA ("USA") is the federal

government, who is a proper defendant pursuant to 28 U.S.C. § 2679(b)(1) for claims for money damages arising from or out of a negligent or wrongful act and/or omission of any federal employee committed within the course and scope of their employment.

8. Defendant MARSHALS SERVICE is a federal law enforcement agency within the USDOJ. The USDOJ is a federal executive department of the United States Government, responsible for the enforcement of the law and administration of justice in the United States. The MARSHALS SERVICE, through its officers, officials, agents, and or employees, is responsible for protecting the federal judiciary, apprehending federal fugitives, managing and selling seized assets acquired by criminals through illegal activity, housing and transporting federal prisoners and operating the witness security program. The MARSHALS SERVICE, as an agency of USA within the USDOJ, is a proper defendant pursuant to 28 U.S.C. § 2679(b)(1) for claims for money damages arising from or out of a negligent or wrongful act and/or omission of a federal employee committed within the course and scope of their employment with the MARSHALS SERVICE.

9. Defendant US MARSHALS SERVICE OFFICER APRIL SANCHEZ ("Officer SANCHEZ") is, and during all relevant times was, a MARSHALS SERVICE Officer who was working within the course and scope of her employment with the MARSHALS SERVICE when the subject motor vehicle accident occurred.

10. The claim of Plaintiff YAM against defendant Officer SANCHEZ for gross negligence is related to Plaintiff's claims for negligence against the USA and the MARSHALS SERVICE to the extent that both claims form part of the same case and controversy under the Federal Tort Claims Act (28 U.S.C. § 2671 et seq., 28 U.S.C. § 1346 (b)(1)) in the following respects: the claims are premised on a common nucleus of operative facts surrounding the subject motor vehicle accident, which resulted in Plaintiff suffering personal injuries caused by the Defendant Officer SANCHEZ'S negligence

PLAINTIFF'S COMPLAINT FOR DAMAGES

and/or wrongful act of driving her vehicle in such a manner that caused an unreasonable risk of harm to other drivers on the highway, breaching her duty of care for the safety of others in violation of the California Vehicle Code §§ 17001, 21055, and 21056. Plaintiff's claim for negligence against Officer SANCHEZ is therefore proper under 28 U.S.C. § 1367(a).

11. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of the MARSHALS SERVICE were employed by and/or acting on behalf Defendant USA and Defendant MARSHALS SERVICE. Furthermore, Defendant USA and Defendant MARSHALS SERVICE is responsible for the negligent acts of their employees and agents under respondent superior.

12. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00

13. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

14. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts or omissions forming the basis of these claims occurred in the Eastern District of California.

## FACTUAL ALLEGATIONS

15. On or about November 7, 2017, at approximately 12:26 p.m., Plaintiff YAM was driving his Toyota Camry, California License Number 7NHB192, southbound on Demaree street in Visalia, California, approaching the subject intersection of Demaree and Riggin Road ("INCIDENT LOCATION").

16. As YAM approached the subject intersection with a green light, YAM witnessed a SUV, driving westbound on Riggin, run through a red light in front of him. Before entering the intersection, Yam looked both directions, and after perceiving no further threat of westbound or eastbound traffic, entered the subject intersection.

17. At approximately the same time, Officer SANCHEZ and DOES 1 through 10 were driving a Dodge Durango, CA License # 6PPS760 ("SANCHEZ VEHICLE"), westbound on Riggin, at approximately sixty (60) miles per hour in a forty-five (45) miles per hour zone, failed to stop at the red light of the subject intersection or slowdown sufficiently to yield for cross-traffic, and entered into the intersection T-boning YAM'S Camry.

18. Officer SANCHEZ and DOES 1 through 10 were working within the course and scope of their employment with the MARSHALS SERVICE when the subject motor vehicle accident occurred.

19. On information and belief, during all relevant times to this Complaint, the SANCHEZ VEHICLE was owned and maintained by the MARSHALS SERVICE and DOES 20 through 40, inclusive. On further information and belief, Officer SANCHEZ and DOES 1 through 10, inclusive, were operating the SANCHEZ VEHICLE on the day in question with permission and authority from the MARSHALS SERVICE and DOES 20 through 40, inclusive, and each of them.

20. YAM and other witnesses did not hear or see sirens activated on SANCHEZ'S VEHICLE before or after the subject accident took place.

21. On information and belief, Officer SANCHEZ and DOES 1 through 10, inclusive and each of them, did not step on the brakes of the SANCHEZ VEHICLE or attempt to slow down the vehicle prior to entering into the subject intersection.

22. The subject accident occurred at approximately 12:26 p.m., during a busy time of day when roadway traffic consisted of numerous other vehicles, in populated area of Visalia's community, upon surface streets that are characterized by stop signals and intersections.

23. As a result of the accident Plaintiff YAM suffered broken ribs, a broken

collar bone, injuries to his left shoulder and left knee, and other injuries as complained of herein below.

24. Additionally, YAM has endured significant mental and emotional distress and trauma as a result of the subject accident.

## FIRST CAUSE OF ACTION
## GROSS NEGLIGENCE
## Cal. Veh. Code §§ 21055, 21056

(AGAINST Officer SANCHEZ and DOES 1 through 10, inclusive)

25. Plaintiff YAM realleges and reincorporates each and every allegation above as if fully set forth herein.

26. Pursuant to California Vehicle Code §§ 20155, 21056, Defendant Officer SANCHEZ and DOES 1 through 10, inclusive, and each of them, like all emergency personnel operating a vehicle in the line of duty, had a duty to drive the SANCHEZ VEHICLE with due care, in such a manner as would not impose upon others an unreasonable risk of harm, to drive as a reasonably, prudent emergency driver would under like circumstances, with due regard for the safety of all persons using the highway.

27. Emergency personnel, including an officer involved in a vehicle pursuit, who creates a foreseeable risk of harm not readily discoverable by endangered persons, have a legal duty to protect and/or warn innocent third persons of such potential peril.

28. On or about November 7, 2017, at approximately 12:26 p.m., Defendant Officer SANCHEZ, and DOES 1 through 10, inclusive, and each of them, breached their duty by negligently creating an increased risk of harm to all individuals using the highway in and around the area of the INCIDENT LOCATION by driving the SANCHEZ VEHICLE at an extremely high rate of speed in violation of the posted speed limit, on surface streets characterized by stop signals and intersections, during a time when several

vehicles were present on the roadway, by failing to stop the SANCHEZ VEHICLE at the red light of the subject intersection in violation of California Vehicle Code § 21453(a), by failing to slow down or yield for cross traffic of Demaree Street, and failing to utilize the siren or activate flashing lights to warn or alert innocent third parties to the impending danger from Officer SANCHEZ'S and DOES 1 through 10's conduct which threatened the safety of users of the highway.

29. Officer SANCHEZ, and DOES 1 through 10, inclusive, and each of them, were also negligent in failing to activate the sirens or flashing lights of the SANCHEZ VEHICLE, to warn Plaintiff YAM and other motorists of the approaching vehicle pursuit and impending danger which threatened all users of the highway in and around the INCIDENT LOCATION.

30. Officer SANCHEZ'S and DOES 1 through 10's conduct, as described above in Paragraphs Nos. 28 and 29, constituted gross negligence – an extreme departure from the ordinary standard of care. Officer SANCHEZ'S and DOES 1 through 10's conduct substantially increased the inherent risk involved in a vehicle pursuit by failing to provide even scant care for other motorists on the roadway by initiating the vehicle pursuit on upon surface streets, at a high rate of speed, during a busy time of day when traffic consisted of numerous other vehicles and significant obstacles, and for failing to discontinue the vehicle pursuit when it became extremely dangerous given the circumstances, which exposed nonparticipating motorists to extreme risk of harm.

31. Upon approaching the INCIDENT LOCATION on the day in question, Officer SANCHEZ and DOES 1 through 10 failed to step on the brakes and/or slow down the SANCHEZ VEHICLE sufficiently for traffic on the highway, even though other vehicles were in the subject intersection at the time the subject accident occurred. The speed of which Officer SANCHEZ and DOES 1 through 10 were driving the SANCHEZ

VEHICLE as it entered the subject intersection was too excessive to undertake effective evasive measures to avoid the subject accident. Therefore, Officer SANCHEZ and DOES 1 through 10, inclusive, operated the SANCHEZ VEHICLE in an unreasonable and grossly negligent manner under the circumstances.

32. As a direct and proximate result of Defendant Officer SANCHEZ'S and DOES 1 through 10's gross negligence, Plaintiff YAM sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering, and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of enjoyment of life, and will continue to suffer a loss of enjoyment of life in the future; and he has lost wages, and will continue to lose wages in the future.

33. WHEREFORE Plaintiff prays for relief as set forth below

## SECOND CAUSE OF ACTION

## PUBLIC ENTITY NEGLIGENCE – VICARIOUS LIABILITY

## 28 U.S.C. § 1346(b)(1); Cal. Veh. Code § 17001

(AGAINST USA, MARSHALS SERVICE, and DOES 30 through 50, inclusive)

34. Plaintiff YAM hereby realleges and reincorporates each and every allegation above as if fully set forth herein.

35. At the time the subject accident took place, Officer SANCHEZ and DOES 1 through 10, inclusive, and each of them, were operating the SANCHEZ VEHICLE in the line of duty, within the course and scope of their employment with the MARSHALS SERVICE.

36. At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, staff of the MARSHALS SERVICE and DOES 11

through 20, inclusive, and each of them, were employed by and/or acting on behalf of the MARSHALS SERVICE and the USA.

37.     The directors, officers, operators, administrators, employees, agents and staff of the MARSHALS SERVICE, and DOES 11 through 20, inclusive, directly and proximately caused personal injury to Plaintiff YAM, including both acts of omission and acts of commission.

38.     As a direct and proximate result of Defendants' negligence, Plaintiff YAM sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering, and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of enjoyment of life, and will continue to suffer a loss of enjoyment of life in the future; and he has lost wages, and will continue to lose wages in the future.

39.     The acts and/or omissions set forth above would constitute a claim under the law of the State of California.

40.     Defendant MARSHALS SERVICE and DOES 30 through 40, inclusive, and each of them, are liable for Officer SANCHEZ'S negligent conduct pursuant to California Vehicle Code § 17001 and theories of Vicarious Liability, Respondent Superior, Ostensible Agency and/or Agency.

41.     Defendants USA, MARSHALS SERVICE, and DOES 30 through 50, inclusive, and each of them, are liable for Officer SANCHEZ'S negligent conduct pursuant to 28 U.S.C. § 1346(b)(1).

42.     WHEREFORE Plaintiff prays for relief as set forth below.

/////

/////

Williams, Brodersen, Pritchett & Burke LLP
2222 West Main Street & Burke
Visalia, CA 93291

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray judgment against all Defendants as hereinafter set forth:

1. For compensatory and general damages in the amount according to proof;

2. For past and future medical, incidental, and service expenses according to proof;

3. For pain and suffering, future impairment, and loss of enjoyment of life according to proof;

4. For pre- and post-judgment interest on all damages as allowed by the law;

5. For costs of suit incurred herein;

6. For attorney fees under existing law; and

7. For such other and further relief as the Court may deem just and proper.

DATED: January 22, 2019

**Williams, Brodersen, Pritchett & Burke LLP**

By  /s/ Russell P. Burke
Russell P. Burke
Attorneys for Plaintiff YANCHHI YAM

COMPLAINT.doc

# EXHIBIT A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>U.S. Marshals Service<br>Office of General Counsel<br>Attn: Janice Tate (janice.tate@usdoj.gov - fax (703) 740-3980)<br>Crystal Gateway 3, 15th Floor<br>Washington, D.C. 20530-0001 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Yanchhi Yam, 3348 W. Cecil Ct., Visalia, CA 93291<br>by Nicholas R. Ruiz, Associate Attorney<br>Williams, Brodersen, Pritchett and Burke LLP<br>2222 West Main Street, Visalia, CA 93291 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>April 12, 1983 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>Tuesday, November 7, 2017 | 7. TIME (A.M. OR P.M.)<br>12:26 P.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On November 7, 2017, at approximately 12:26 p.m., Yannchi Yam ("Yam") was driving his Toyota Camry, CA License #7NHB192, southbound on Demaree Street in Visalia, California. Yam approached the subject intersection of Demaree and Riggin Road with a green light, and surprisingly witnessed a SUV, driving westbound on Riggin, run a red light in front of him. Before entering the intersection, Yam looked both directions, and after perceiving no further threat of westbound or eastbound traffic, entered the subject intersection. At approximately the same time, US Marshal April Sanchez ("Sanchez") was driving a Dodge Durango, CA License # 6PPS760, westbound on Riggin, at approximately 60 MPH in a 45 MPH zone, failed to stop at the red light, slow/yield for cross-traffic, and entered into the intersection T-boning Yam's Camry. Yam and other witnesses did not hear or see sirens activated on Sanchez' vehicle before or after the subject incident. Sanchez violated Cal. Veh. Code § 21453 causing Yam to suffer broken ribs, broken collar bone, and injuries to his left shoulder and left knee.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)
White 2015 Toyota Camry, California License #7NHB192, VIN# 4T1BD1FK7FU165844. Vehicle totaled due to subject accident, with no damage existing prior to accident. Vehicle's stored at Castaneda & Associates Consulting Engineers, 4652 E. Carmen Ave., Fresno, CA 93703, P: 559.312.4552; F: 559.255.7889.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Yam was diagnosed with a displaced left 2nd rib fracture, non displaced anterior left 1st rib and 3rd rib fractures, a broken collar bone, a left knee sprain, a clavicle fracture of his left shoulder, a non-displaced anterior left acetabular fracture, a fracture of his lumbar spine at L3 level, and suffered cuts and contusions all over his body. Due to significant pain, Yam underwent left thoriacic para vertebrae nerve block and left intrascalene nerve block injections. He was also prescribed Norco, Lidocain patches, Motrin, and Diluadid for pain. Yam underwent x-rays of his left knee and left shoulder at Orthopedic Associates Medical Clinic. He was placed in a knee, back, and shoulder brace, and was given home exercises to assist with the healing process, which continues to this day.

| 11. | WITNESSES | |
|---|---|---|
| | NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| | Albert M. Romero<br>Felix Jimenez Toxtle<br>Antonio Cardenas Chavez | 398 Marquette Street, Farmersville, CA 93223<br>4954 E. Tyler Avenue, Fresno, CA 93727<br>849 S. Cindy Street, Visalia, CA 93277 |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | $200,000 | | $200,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*[signature]* | 13b. Phone number of person signing form<br>559.635.9000 | 14. DATE OF SIGNATURE<br>January 31, 2018 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109    NSN 7540-00-634-4046    STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE ||
|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. ||
| 15. Do you carry accident insurance? ☒ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No<br>Interinsurance Exchange of the Automobile Club (AAA), 27240 Turnberry Lane, Suite 100, Valencia, CA 91355<br>Policy Number: CAA100827569 ||
| 16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☒ Yes   ☐ No<br>Yes for a property damage claim, with a deductible of $500.00 | 17. If deductible, state amount.<br>$500.00 |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)<br>The property damage claim is pending, the vehicle has been deemed a total loss, for a proposed settlement of $20,404.00. AAA will not pay out the settlement to Mr. Yam until the vehicle is released to AAA. We are currently holding the vehicle and paying storage fees to give the US Marshals Office an opportunity to evaluate the vehicle before is destroyed. ||
| 19. Do you carry public liability and property damage insurance? ☒ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No<br>Interinsurance Exchange of the Automobile Club (AAA), 27240 Turnberry Lane, Suite 100, Valencia, CA 91355<br>Policy Number: CAA100827569 ||

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

# EXHIBIT B



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

*Washington, DC 20530-0001*

FEB 1 2 2018

Nicholas R. Ruiz, Associate Attorney
Williams, Brodersen, Pritchett and Burke, LLP
2222 West Main Street
Visalia, CA 93291

**Re: Administrative Tort Claim No. OGC 51327**

Dear Mr. Ruiz:

This letter acknowledges the above-referenced administrative tort claim under the Federal Tort Claims Act (FTCA) received by the United States Marshals Service (USMS) on February 8, 2018 on behalf of your client, Yanchhi Yam, in the amount of $200,000.00.

The FTCA affords the Government six months from the date a completed tort claim is received by this agency to administratively adjudicate the claim before a claimant can institute a civil action [28 U.S.C. § 2675(a)]. Your claim is pending review. We will notify you of the decision on your claim, via Certified mail, upon completion of that review.

Meanwhile, please send all future inquiries and any change of address to:

*(For United States Postal Service)*
Janice Tate
Office of General Counsel, CG-3, 15th Floor
United States Marshals Service
Washington, DC 20530-0001

*(For FedEx or UPS)*
Janice Tate
Office of General Counsel, CG-3, 15th Floor
United States Marshals Service
Landover Operations Center
3601 Pennsy Drive
Landover, MD 20785

Sincerely,

**Gerald M. Auerbach**
General Counsel

*(signature)*
Janice Tate
Tort Claim Analyst