McGREGOR W. SCOTT
United States Attorney
BENJAMIN E. HALL
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA  93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANCHHI YAM,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                Defendants. | Case No. 1:19-cv-00098-SKO<br><br>**STIPULATION AND PROTECTIVE ORDER** |

      Pursuant to Rule 26(c), Federal Rules of Civil Procedure, the parties to this action stipulate and agree to the terms of the following proposed Protective Order.

      1.    Certain documents that Defendant, the United States of America, will produce to Plaintiff, Yanchhi Yam, in the course of this litigation include information regarding law-enforcement techniques that the United States Marshals Service deems sensitive and not appropriate for public dissemination.  The parties desire to enter into this Protective Order in order to limit the dissemination of such information except as necessary for the purposes of this litigation.

      2.    Defendant shall designate such documents by marking each page with the notation "PROTECTED/CONFIDENTIAL" prior to production of such documents to Plaintiff.  Such designated documents are described hereinafter as the "Protected Document(s)."

3. Plaintiff's use of Protected Documents shall be limited to this litigation.  Plaintiff shall not use Protected Documents for any purpose except the preparation and trial of this case.

4. Plaintiff shall not disclose Protected Documents to any person or entity except the following: (a) the Court; (b) Plaintiff's attorneys of record; (c) persons regularly in the employ of such attorneys; (d) any experts or consultants specifically retained for this case; and (e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this matter.

5. Plaintiff's counsel agree to make all reasonable efforts to ensure compliance with this Protective Order.  Any expert or consultant who receives Protected Documents shall first read a copy of this stipulated Protective Order and agree in writing to abide by the terms thereof.

6. In the event that one or more of the parties uses a Protected Document in a deposition or other discovery proceeding in this case, that portion of the deposition or other discovery proceeding shall be subject to this Protective Order.

7. If any party wishes to attach Protected Documents to a pleading or motion in this litigation, that party must submit the materials for filing under seal with the appropriate request to file documents under seal pursuant to this Court's rules.

8. This Protective Order does not constitute a ruling on the question of whether a particular document or category of information is properly discoverable, nor does it constitute a ruling on any potential objection to the discoverability, relevance or admissibility of any record.

9. The terms and conditions set forth herein shall not apply to the disclosure of any information subject to a claim of privilege or other basis of exclusion, and this Protective Order shall not serve as precedent for adopting any procedure with respect to the disclosure of any such information.

10. The parties agree that prior to commencement of trial, they will enter into mutually agreeable stipulations with respect to Protected Documents to be disclosed during trial.  Any unresolved disputes shall be resolved in accordance with the Federal Rules of Civil Procedure and addressed within the parties' pretrial statements.

11. Upon final disposition of this action, unless otherwise agreed to in writing by opposing counsel, Plaintiff shall within thirty (30) days assemble and return all Protected

1 Documents, including all copies thereof, to the producing party and certify in writing that all such
2 material has been returned, or certify in writing that all such material has been destroyed.

3     12.    Any disputes pertaining to this stipulated Protective Order shall be governed by the
4 Court's procedures for Discovery Disputes set forth in Section VI of the Court's Scheduling Order
5 (ECF No. 15).

6     13.    This Protective Order may be modified by the Court at any time for good cause
7 following notice to all parties and an opportunity to be heard.

Respectfully submitted,

Dated: April 16, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ Benjamin E. Hall
BENJAMIN E. HALL
Assistant U.S. Attorney
Attorney for Defendant

Dated: April 15, 2020

WILLIAMS, BRODERSEN,
   PRITCHETT & BURKE LLP

/s/ Nicholas R. Ruiz
RUSSELL P. BURKE
NICHOLAS R. RUIZ
Attorneys for Plaintiff

IT IS SO ORDERED.

Dated: **April 20, 2020**       /s/ *Sheila K. Oberto*
    UNITED STATES MAGISTRATE JUDGE